

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 21, 1950

Hon. Wm. L. Taylor
County Attorney
Harrison County
Marshall, Texas

Opinion No. V-1107.

Re: Legality of selecting
lists of petit jurors
for each jury week
rather than for each
calendar week.

Dear Sir:

You request an opinion from this office concerning the interpretation of Article 2097 of Vernon's Civil Statutes. We quote from your brief as follows:

"Harrison County, under Article 2094 as amended by the First Called Session of the 51st Legislature, has had to begin use of the jury wheel. It has been the practice in this County for a number of years to draw some three or four jury lists for each term of the District Court and approximately the same number for each term of the County Court. Because the litigation in this County does not justify drawing a jury list for each week of the court term, only the necessary number of jury lists have been drawn.

"The District Clerk has asked me to get your interpretation of Article 2097 of the Revised Civil Statutes of Texas. This Statute provides in part that after the lists of the names have been drawn, that each list shall be sealed in a separate envelope and each envelope indorsed as follows: 'List of the Petit Jurors for the _____ Week of the _____ Term of the _____ Court of _____ County' and provides that these blanks shall be filled in properly. The writer has instructed the District Clerk that in his opinion the law would be fully and substantially complied with if the blanks were filled in as follows: 'List of the Petit Jurors for the First Jury Week of the September Term of the District Court of Harrison County', it being the writer's interpretation that this list of jurors could

be used for the first jury week of the term even assuming that the first jury list was not needed and not called until the 5th, 6th, or 7th week of the term; and the second list called could be filled in ʰList of Petit Jurors for the Second Jury Week of the September Term of the District Court of Harrison County', even though this list were not called until the 10th or 11th week of the term. . . .ʷ

You further state that the District Clerk feels there is a conflict between Articles 2097 and 2117, V.C.S., and you also request our opinion on this question.

Articles 2096, 2097, and 2117, V.C.S., provide:

Art. 2096:  ʷNot less than ten days prior to the first day of a term of court, the district clerk or one of his deputies, and the sheriff, or one of his deputies, in the presence and under the direction of the district judge, if the jurors are to be drawn for the district court, or the clerk of the county court, or one of his deputies, and the sheriff, or one of his deputies, in the presence and under the direction of the county judge, if the jurors are to be drawn for the county court, shall draw from the wheel containing the names of jurors, after the same has been well turned so that the cards therein are thoroughly mixed, one by one the names of thirty-six jurors, or a greater or less number where such judge has so directed, for each week of the term of the district or county courts for which a jury may be required, and shall record such names as they are drawn upon as many separate sheets of paper as there are weeks for such term or terms for which jurors will be required. At such drawing, no person other than those above named shall be permitted to be present. The officers attending such drawing shall not divulge the name of any person that may be drawn as a juror to any person.ʷ

Art. 2097:  ʷThe several lists of names so drawn, shall be certified under the hand of the clerk or the deputy doing the drawing, and the district or county judge in whose presence said names were drawn from the wheel,

to be the list drawn by said clerk for the said several weeks, and shall be sealed up in separate envelopes indorsed, 'List of petit jurors for the ____ week of the ____ term of the ____ court of ____ county,' (filling in the blanks properly) and the clerk doing the drawing shall write his name across the seals of the envelopes and shall then immediately deliver the same to the judge in whose presence such names were drawn, or to his successor in office in case such judge dies before such delivery can be made to him."

Art. 2117: "At any time when the Judge of the County or District Court needs a jury for any particular week of such Court, he shall notify the Clerk of such Court to open the next consecutive unopened list of jurors in his possession, and shall direct him as to the date for which such jurors shall be summonsed. Such notice shall be given to the Clerk within a reasonable time prior to the time when such jurors are to be summonsed. The Clerk shall immediately note on the list the date for which the jurors are to be summonsed, and deliver said list to the sheriff. On receipt of such list, the sheriff shall immediately notify the several persons named therein to be in attendance on Court on the date so designated by the Judge."

It is observed that Article 2096 provides that the names of jurors shall be drawn from the jury wheel "for each week of the term of the district or county courts for which a jury may be required." This indicates that there would be no need to draw names from the jury wheel for those weeks of the term for which a jury is not required. Therefore, we are in accord with your opinion that there would be a substantial compliance if the envelope containing the list of names drawn from the jury wheel is indorsed as outlined by you. We believe we are supported in this view when the statutes relating to challenges of jury panels are considered.

Article 608, V.C C.P., provides for challenge to the array in capital cases and is as follows:

"Either party may challenge the array only on the ground that the officer summoning the jury has wilfully summoned jurors

with a view to securing a conviction or an
acquittal. All such challenges must be in
writing setting forth distinctly the grounds
of such challenge. When made by the defend-
ant, it must be supported by his affidavit or
the affidavit of any credible person. When
such challenge is made, the judge shall hear
evidence and decide without delay whether or
not the challenge shall be sustained. This
article does not apply when the jurors sum-
moned have been selected by jury commission-
ers."

Article 641, V.C.C.P., relating to noncapital
cases provides:

"The array of jurors may be challenged
by either party for the causes and in the
manner provided in capital cases."

Rule 221 of Vernon's Texas Rules of Civil Pro-
cedure provides:

"When the jurors summoned have not been
selected by jury commissioners or by drawing
the names from a jury wheel, any party to a
suit which is to be tried by a jury may, be-
fore the jury is drawn challenge the array
upon the ground that the officer summoning
the jury has acted corruptly, and has wilful-
ly summoned jurors known to be prejudiced
against the party challenging or biased in
favor of the adverse party. All such chal-
lenges must be in writing setting forth dis-
tinctly the grounds of such challenge and
supported by the affidavit of the party or
some other credible person. When such chal-
lenge is made, the court shall hear evidence
and decide without delay whether or not the
challenge shall be sustained."

The above statutes and Rule have reference to
those jurors summoned by the officer, other than those
selected by a jury commission or those drawn from the
jury wheel, because in these latter instances the offi-
cer has no discretion as to which persons he will sum-
mon, but must summon only those persons whose names have
been selected by the jury commission or drawn from the
jury wheel and which appear on the list furnished him by
the Clerk.

In Roundtree v. Gilroy, 57 Tex. 176, 180 (1882), where there was a challenge to the array, which had been selected by a jury commission, it is stated:

"The statute provides how, and for what causes, a challenge to the array may be made. It provides that 'any party to a suit which is to be tried by a jury, may, before the jury is drawn, challenge the array of jurors upon making it appear that the officer summoning the jury has acted corruptly, and has willfully summoned jurors known to be prejudiced against the party challenging, or biased in favor of the adverse party.' R. S., 3074. Neither of the grounds of challenge given by the statute were relied upon in this cause and none others exist, and the court did not err in overruling the challenge."

Accord, Galveston, H. & S. Ry. v. Worth, 116 S.W. 365 (Tex.Civ.App. 1909, error ref.).

Also in Roberts v. State, 17 S.W. 450, 451 (Tex. Crim. 1891), it is stated:

"Statutes directing the mode of proceeding by public officers are directory, and are not to be regarded as essential to the validity of the proceedings themselves, unless so declared in the statutes."

We agree with you that the lists of petit jurors may be selected for each jury week rather than each calendar week of the term of court and we also agree that there is no conflict between Articles 2117 and 2097.

### SUMMARY

Lists of petit jurors may be selected
for each jury week rather than each calen-
dar week of the term of court.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant
BA:mw

Yours very truly,

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant